IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/16/2007

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BERNICE H. HINES, | ) | CASE NO. 07-30938-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a confirmation hearing on the "Uniform Plan and Motion for Valuation of Collateral" filed on May 21, 2007 by the Debtor in the above captioned Chapter 13 case (Docket No. 39). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Bernice H. Hines ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 5, 2007. William E. Heitkamp is the Chapter 13 Trustee.

In the instant plan, Debtor proposes to pay to the Trustee $2,780 per month for seven months, then $3,900 per month for 17 months, then $4,400 per month for twelve months, then $4,800 per month for 24 months, for a total of $253,760.  From

those payments, Debtor proposes distribution of $2,625.72 to the

Internal Revenue Service, $17,520.61 on an arrearage claim

secured by her principal residence, $4,000 and $16,450 on two

vehicles, and $1,500 on a refrigerator.  Additionally, she

proposes to pay regular monthly mortgage payments directly to JP

Morgan Chase & Co. ("Chase") on two contiguous parcels of real

property on which she operates a business, and to pay arrearages

of $8,100 to Chase and $15,110.06 to Paul Bettencourt, the Harris

County Tax Assessor/Collector, secured by the business property.

Debtor proposes to pay 100 percent of the claims of unsecured

creditors.  (Docket No. 39).

　　　　Chase filed an objection to confirmation of the plan,

on grounds Debtor will be unable to make the payments called for

under the plan, and that the proposed distribution to Chase does

not "afford Chase treatment equal or superior to that it would

receive in a Chapter 7 liquidation."  Chase asserts that it is

owed $14,826.92 in arrearages.  (Docket No. 35).

　　　　On June 27, 2007, one day before the commencement of

the confirmation hearing, Debtor filed an objection to Chase's

claim, asserting that Chase has not accounted for all payments

Debtor has made.  (Docket No. 49).  That objection to claim

remains set for a pretrial hearing on August 14, 2007.

　　　　Debtor's Schedule I, filed concurrently with the

instant plan, reflects that Debtor has $8,000 per month in income

from her child care business.  Debtor's schedule J indicates that she has $3,332.83 in expenses from the business.  (Docket No. 40).

At the hearing on confirmation, Debtor testified that she anticipates being able to make the payments called for under the plan as a result of taking on three new children in her child care business.  She testified that her business is licensed by the state.  She testified that her business presently has 29 children, and her license allows her to accept up to 63 children. She testified that she will earn a fee of $135 per week for each of the three new children.  She testified she believes she will be able to continue to take on additional children in order to make the increased plan payments during the term of the plan.

Debtor testified that her business has had 29 children for approximately two years.  She testified that her business has operated at the same location for 37 years.  She testified that her business has had losses for each of the last two years.  She testified that she has no source of income other than the business.

### Conclusions of Law

Section 1325(a)(6) of the Bankruptcy Code provides, with exceptions not pertinent in the instant case, that the court shall confirm a plan if, _inter alia_, "the debtor will be able to make all payments under the plan and to comply with the plan."

3

11 U.S.C. § 1325(a)(6).

A Chapter 13 Debtor, as the proponent of the plan, bears the burden of proof as to all the elements for confirmation.  See In re Hill, 268 B.R. 548 (9th Cir. BAP 2001).

In the instant case, Debtor proposes to make the payments called for under the plan by increasing her net income by $2,020 per month during the life of the plan.  Debtor's testimony indicates that she has made some steps toward increasing the gross income of the business.  However, Debtor's testimony in the instant case does not address the extent to which the expenses of the business will change when she is caring for additional children, or her ability to attract and retain additional children during the term of the plan.  The court concludes that Debtor has failed to meet her burden of proof that Debtor will be able to make the payments called for under the plan.

Based on the foregoing, a separate Judgment will be entered denying confirmation of the plan.

Signed at Houston, Texas on July 16, 2007.


_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

4